# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES,**<br><br>        **Plaintiff**<br><br>        v.<br><br>**MONICA MARIE HERNANDEZ,**<br><br>        **Defendant** | **CASE NO. 1:10-CR-0249 AWI BAM - 2**<br><br>**ORDER ON DEFENDANT'S MOTION TO REDUCE MONTHLY RESTITUTION PAYMENT**<br><br>(Doc. No. 392) |

On January 8, 2015, pursuant to a plea agreement, Defendant was sentenced to 12 months in prison for a violation of 18 U.S.C. § 1349 (conspiracy to commit mail fraud, wire fraud, and bank fraud). See Doc. No. 297. As part of an amended judgment, Defendant was ordered to pay approximatley $867,000 in restitution, with minimum monthly payments of $50.00. See Doc. No. 318.

On April 3, 2020, Defendant filed a pro se request to waive restitution payment. See Doc. No. 392. The request reads: "I Monica Hernandez am requesting for my $50.00 restitution payment to be waived for the month of April due the COVID 19 my hours and income has been cut and will have to struggle to pay rent." Id. No other information is provided.

A court may adjust a restitution payment schedule if it determines that a defendant's economic circumstances have materially changed. 18 U.S.C. § 3664(k);[1] United States v. Turner,

---

[1] 18 U.S.C. § 3664(k) reads: "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."

312 F.3d 1137, 1143 (9th Cir. 2002); <u>United States v. Calvert</u>, 2017 U.S. Dist. LEXIS 222915, *2 (E.D. Wash. Sept. 19, 2017).  Here, there is an insufficient basis for the Court to waive the April 2020 payment or otherwise adjust Defendant's restitution payment schedule.  The Court recognizes that California is dealing with the COVID-19 pandemic and numerous business and individuals are adversely impacted.  However, Defendant does not explain her occupation, all of her sources of income, or her necessary expenses (including rent payments).  While the Court will accept that Defendant's working hours have been cut, that alone is an insufficient basis to modify in any way the restitution schedule.  In short, more information is necessary before the Court can modify the restitution schedule (including possible temporary waivers) under 18 U.S.C. § 3664(k).  Therefore, the Court will deny Defendant's motion without prejudice to refiling a properly supported motion to reduce or modify restitution schedule.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's request to reduce monthly restitution payments (Doc. No. 392) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 18, 2020                               _____
                                                                SENIOR  DISTRICT  JUDGE